IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JUAN SIERRA,
    Petitioner,

vs.                                  Case No. 5:07cv36/RS/MD

DEPARTMENT OF HOMELAND SECURITY,
    Respondent.
_____

### REPORT AND RECOMMENDATION

This cause is before the court upon a petition for writ of habeas corpus (doc. 1) filed pursuant to 28 U.S.C. § 2241.  Respondent filed a response (doc. 9), to which petitioner replied (doc. 10).  Thereafter, petitioner supplemented his petition (doc. 22), and respondent filed a response (doc. 24).

### BACKGROUND AND PROCEDURAL HISTORY

The record establishes the following facts.  Petitioner is a native and citizen of Cuba who entered the United States on or about December 29, 1970.  (Doc. 9, Ex. A).[1]

On September 16, 1996 petitioner was convicted, in the United States District Court for the Eastern District of Tennessee, of the offenses of Conspiring to Distribute Cocaine and Possessing Cocaine with Intent to Distribute in violation of 21 U.S.C. § 846, Being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1), and Laundering Money in violation of 18 U.S.C. § 1956(a)(1)(A)(I). (Ex. B). Based upon this conviction, petitioner was sentenced to a term of 180 months

---

[1] Hereafter, all references to exhibits will be to those attached to Doc. 9 unless otherwise noted.

imprisonment.  (*Id.*).  He is currently serving his criminal sentence in the custody of the United States Bureau of Prisons ("BOP") at the Pine Prairie Correctional Institution in Pine Prairie, Louisiana.[2]

On July 24, 2006, U.S. Immigration and Customs Enforcement ("ICE") lodged an immigration detainer with the BOP.[3]  (Ex. D).  A Notice to Appear[4] has not yet been served on the petitioner or filed with the Executive Office for Immigration Review ("EOIR").  (Doc. 9, p. 2).

On February 12, 2007 petitioner filed the instant habeas corpus petition challenging the ICE detainer.  Petitioner complains that he has contacted ICE officials on numerous occasions informing them that the detainer has rendered him ineligible for placement in a halfway house, and asking them to either set an emergency hearing or send him the forms necessary to stipulate to deportation so that the detainer can be removed.  Petitioner complains that to date, no hearing has been set.  As relief he seeks the following:

> All I am asking this court to do is order the Homeland Security Department to have a hearing as soon as possible, and to have this detainer removed for the following reasons.  The Government of Cuba will not take me back since I am not one of the Mariel boat lift refugee[s], since I came to the U.S. in December 29th, 1970, and I wr[ote] the Homeland Department on several occasions that I am willing to sign the Deportation order to get this over with.

(Doc. 1, p. 3).  In his supplement, petitioner asserts that since the filing of his petition he has been transferred to a BOP facility that houses only inmates who are, or will be, subject to deportation proceedings.  (Doc. 22).

---

[2] Petitioner was confined at the Federal Correctional Institution, Marianna, Florida at the time he commenced this action.  (Doc. 1).

[3] A detainer may be issued in the case of an alien who is amenable to removal proceedings. 8 C.F.R. §287.7.

[4] In general the Notice to Appear is the charging document issued to an alien and field in the appropriate immigration court to place an alien in removal proceedings.  *See generally* § 240 of the INA, codified at 8 U.S.C. §§ 1229 and 1229a.

Respondent contends the petition should be dismissed for lack of subject matter jurisdiction because petitioner is not "in custody" of the DHS or ICE. (Docs. 9, 24).

## DISCUSSION

In *Orozco v. INS*, 911 F.2d 539 (11th Cir. 1990), a state prisoner and Columbian national filed a habeas corpus petition under § 2241 challenging an INS detainer lodged against him. The INS had not yet commenced proceedings to determine his deportability. *Orozco*, 911 F.2d at 539-540. The petitioner claimed he was being denied due process because the INS did not respond to his inquiries about deportation proceedings. *Id.* at 540. As relief, he sought an order directing the INS to respond to his inquiries and to issue a show cause order which would properly trigger deportation proceedings. *Id*. Adopting the reasoning of the Eighth Circuit in *Campillo v. Sullivan*, 853 F.2d 593 (8th Cir. 1988),[5] the Eleventh Circuit held that the filing of the detainer, standing alone, did not cause the petitioner to come within the custody of the INS for purposes of habeas corpus jurisdiction. *Id.* at 541.

The majority of courts agree with this view. *See e.g., Zolicoffer v. U.S. Dep't of Justice*, 315 F.3d 538, 539 (5th Cir. 2003); *Garcia v. Taylor*, 40 F.3d 299, 303-04 (9th Cir. 1994); *Santana v. Chandler*, 961 F.2d 514, 516 (5th Cir. 1992); *Prieto v. Gulch*, 913 F.2d 1159, 1162 (6th Cir. 1990); *Mohammed v. Sullivan*, 866 F.2d 258, 260 (8th Cir. 1989); *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988). *See also Roldan v. Racette*, 984 F.2d 85, 88 (2nd Cir. 1993) (reviewing caselaw). The underlying rationale of these courts is that a detainer, as distinguished from other INS orders, does not put a "hold" on the alien. *Orozco; accord Galaviz-Medina v. Wooten,* 27 F.3d 487 (10th Cir. 1994) (discussing caselaw). Generally, a detainer is viewed as "an informal process advising prison officials that a prisoner is wanted on other pending charges

---

[5]In *Campillo*, the Eighth Circuit held that the writ of habeas corpus functions to grant relief from unlawful custody or imprisonment and found that absent custody by the authority against whom relief is sought, jurisdiction will not lie to grant the writ. 853 F.2d at 595.

and requesting notification prior to the prisoner's release." *Orozco* at 541 n.2 (citing *United States v. Shahryar*, 719 F.2d 1522, 1524 n.3 (11th Cir. 1983)).  In the immigration context, a detainer usually serves only as a notice to prison authorities that the INS is going to be making a decision about the deportability of the alien in the future.  *Campillo*, 853 F.2d at 595.  The reasoning follows that the detainer does not serve to establish conclusively either present or future restraints on the prisoner's liberty.  *Id.*  Because there is no actual claim to the alien following the completion of his criminal sentence, there is no custody.

The Eleventh Circuit has recently confirmed its position on "custody" as a result of an INS detainer, stating:

> We reject Petitioner's argument that INS "effectively arrested" Petitioner by INS's issuance of a Notice of Detainer letter on 16 April 1996.  *See Orozco v. INS*, 911 F.2d 539, 541 (11th Cir. 1990) ("The filing of [a] detainer, standing alone, did not cause [the alien] to come within the custody of the INS.").  In a similar way, we cannot conclude that the filing of the detainer letter combined with the fingerprinting of Petitioner brings this case into the purview of *Alanis-Bustamante*, 201 F.3d at 1311 (holding "a removal proceeding has effectively commenced once INS has served the alien with an order to show cause and lodged a warrant of detainer against him'):  An important difference exists between the serving of an order to show cause and the fingerprinting of a person.

*Oguejiofor v. Attorney General*, 277 F.3d 1305, 1308 n.2 (11th Cir. 2002) (discussing *Alanis-Bustamante v. Reno*, 201 F.3d 1303 (11th Cir. 2000)).

Applying the foregoing to the instant case, the court must conclude that petitioner is not "in custody" of the DHS or ICE for purposes of 28 U.S.C. § 2241 simply because ICE has lodged a detainer against him.  Petitioner does not contend that the DHS or ICE has served him with an order to show cause or that there is some other reason he should be considered to be in the custody of ICE.  As in *Oguejiofor*, an important difference exists between the serving of an order to show cause and the transfer of an inmate to a prison facility housing only inmates who may be subject to removal proceedings.

## CONCLUSION

Because petitioner is not "in custody" of the DHS or ICE, this court lacks subject matter jurisdiction under 28 U.S.C. § 2241 to address his claims.

Accordingly, it respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus, (doc. 1), as supplemented (doc. 22) be DISMISSED.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 17th day of April, 2008.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**